## TAYLOR v. UNITED STATES.
### No. 1398.

District Court, W. D. South Carolina.
Nov. 21, 1933.

Richey & Richey, of Laurens, S. C., and Mays & Featherstone, of Greenwood, S. C., for plaintiff.

C. C. Wyche, U. S. Atty., and O. H. Doyle, Asst. U. S. Atty., both of Greenville, S. C., and D. H. Rosier, Atty., Department of Justice, of Columbia, S. C.

WATKINS, District Judge.

This matter came before me at Greenville, S. C., on October 6 and 7, 1933, on defendant's motion to dismiss the complaint on the ground that the jurisdictional prerequisite of a disagreement, as contemplated by Section 19 of the World War Veterans' Act, as amended July 3, 1930 (38 USCA § 445), does not exist. The matter was fully argued at the time, and the court was of opinion that the motion should be granted, but, at the request of plaintiff's counsel, further time was allowed for an examination of the veteran's files, etc. Thereafter, counsel for plaintiff filed a written argument, which has been duly considered. The case was presented to me upon a stipulation of facts, including certain claims filed with the Veterans' Bureau by the plaintiff, and certain correspondence relative thereto. After the filing of the complaint, defendant interposed a general denial. Thereafter, as the case was being prepared for trial, on September 26, 1932, the Assistant United States Attorney wrote plaintiff's counsel that, by reason of a letter from Col. O. H. Hydrick, Chief Attorney for the Veterans' Bureau, at Columbia, S. C., the defendant would admit certain paragraphs of the complaint, including the paragraph alleging disagreement, and denying certain other paragraphs. More than a year prior to this, however, defendant had interposed a verified answer to the complaint, interposing a general denial, including denial of disagreement. A careful examination of the exhibits introduced in evidence, as showing the stipulated facts of the case, fails to disclose that any formal disagreement was ever had prior to the filing of the complaint. On the contrary, the application, Form 526, which was executed under date of May 29, 1923, wholly fails to present a claim for insurance benefits because of permanent and total disability, and the correspondence makes it plain that it was not received as such nor passed upon as such. Form 535 was executed July 18, 1930, and there are letters from plaintiff's counsel and others representing him, showing that there was a clear and definite claim made for insurance benefits as early as the summer of 1930. The correspondence between the plaintiff's attorneys, Messrs. Richey & Richey, and the Regional Manager of the Veterans' Bureau, at Columbia, began May 31, 1930. It seems that the letter, transmitting Form 535, was dated July 18, and received by the Bureau on July 23, 1930. From that time on, numerous letters were mailed to the Bureau, insisting on a disposition of the matter, with various responses on the part of the Bureau, either demanding additional information or temporizing with the matter, by stating that the case was in process of adjudication and that every effort would be made to expedite action thereon. This continued month after month until the 2d of July, 1931, when, without having a definite reply as to disagreement, plaintiff's counsel filed suit. If the court were permitted to decide the matter upon the mere question of unjustifiable delay on the part of the Bureau, we would be disposed to hold that a disagreement should

444

be presumed. The question, however, is one of jurisdiction. I think the delay was unreasonable and that the decision which I am forced to make results in a great injustice to a plaintiff whose mind has so far gone as to require his appearance by a committee. The facts, however, fail to show disagreement, and, on the contrary, show that the matter was held up and a final decision postponed until after the suit was filed, leaving the court without jurisdiction.

■ Plaintiff's counsel argue, however, that the letter of the Assistant United States Attorney, heretofore referred to, should be taken as a part of the answer, and is of sufficient force to avoid the position now taken by the government. To this I cannot agree. The letter was in the nature of a stipulation between counsel, it followed the date upon which the disagreement giving jurisdiction should have been had, it was never made a part of the pleadings in the case, was not verified as the other pleadings, and, whether as a stipulation the government should stand by it or not, was a matter for the determination of the proper representatives of the defendant. They have elected now to disavow so much of it as relates to disagreement, and, however the court may regard this action, it is not at liberty to enforce the letter as an agreement prerequisite to giving jurisdiction.

For the reasons stated, the motion to dismiss must be granted. Whereupon, after due consideration,

It is ordered and adjudged that defendant's motion to dismiss the complaint, because of want of jurisdiction, be, and the same is, hereby granted, and that the complaint be, and it is, hereby dismissed.